IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SANTINO MCAFEE,

      Plaintiff,

v.                                           1:18-cv-01205-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on plaintiff Robert Santino McAfee's Opposed

Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in

Support, filed on May 21, 2020. *See* Doc. 28. The Commissioner filed a response in opposition

to the motion on June 25, 2020, and Mr. McAfee filed a reply on July 16, 2020. *See* Docs. 31,

32. The parties consented to my entering a final judgment in this case. Docs. 4, 8, 13. Having

considered the briefing, the record, and the relevant law, I find that an award of attorney fees is

appropriate and therefore grant the motion.

   **I.  Applicable Law**

In his motion, Mr. McAfee seeks an award of attorney fees pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,161.50.[2] Doc. 28 at 1. The

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] Counsel for Mr. McAfee states that he spent 20.3 hours providing professional services to Mr. McAfee in this matter at a rate of $205.00 per hour. *See* Docs. 28 at 2, 28-1 at 1–2. The Commissioner does not contest the reasonableness of the hours Mr. McAfee's attorney has billed or his requested hourly rate.

EAJA provides that "a fee award is required if:  (1) plaintiff is a prevailing party; (2) the position

of the United States was not substantially justified; and, (3) there are no special circumstances

that make an award of fees unjust."  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007)

(internal quotation marks omitted) (citing 28 U.S.C. § 2412(d)(1)(A)).  Here, the Commissioner

argues that the Court should deny the EAJA fees because his position was "substantially

justified."  Doc. 31 at 1.  The government's "position" in this context refers to both the

Commissioner's position in the federal civil case as well as the agency's actions at the

administrative level.  *See* 28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding

that government must justify both its position in underlying administrative proceedings and in

subsequent court litigation).

The Commissioner bears the burden of proving that his position was substantially

justified.  *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.

1995)).  "EAJA fees generally should be awarded where the government's underlying action was

unreasonable even if the government advanced a reasonable litigation position."  *Hackett*, 475

F.3d at 1174 (quotation marks and citation omitted).  The test for substantial justification is one

of reasonableness in law and fact.  *Gilbert*, 45 F.3d at 1394 (quotation marks and citation

omitted).  The government's position must be "justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 US. 552,

565 (1988).  The government's "position can be justified even though it is not correct."  *Hackett*,

475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566 n.2); *Lopez v. Berryhill*, 690 F. App'x 613,

614 (10th Cir. 2017) (unpublished) ("When a district court reviews an EAJA application, . . . it

considers (among other things) whether the government's litigating position enjoyed substantial

justification in fact and law; that is whether its litigating position was *reasonable* even if

*wrong*.").  Moreover, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."  *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

## II. Analysis

In Mr. McAfee's motion to reverse and remand the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits, Mr. McAfee argued that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating nurse practitioner, Marie Mugavin, PhD, CNP, in violation of SSR 06-03p.  *See* Doc. 19 at 1.  After reviewing the record, I agreed with Mr. McAfee, finding that the ALJ failed to properly consider CNP Mugavin's opinion, and remanded the case for this reason to the Social Security Administration ("SSA") for further proceedings.  *See* Doc. 26.

In now opposing Mr. McAfee's motion for EAJA fees, the Commissioner advances two arguments as to why his litigation position regarding the ALJ's consideration of CNP Mugavin's opinion was substantially justified.  The first argument concerns the ALJ's decision to accord little weight to CNP Mugavin's opinion because he found it to be "inconsistent with her own treatment notes."  Doc. 31 at 4–7; *see also* Administrative Record ("AR") 26–27.  I found this reason insufficient because although the ALJ cited to portions of CNP Mugavin's treatment notes that he thought were inconsistent with her opinion, he failed to discuss numerous uncontroverted findings in CNP Mugavin's treatment records that would have supported her opinion.  Doc. 26 at 10–11.  The ALJ's failure to do so was particularly troubling because CNP Mugavin was Mr. McAfee's only mental health provider for the relevant time period.  *Id*. at 12.  Although the ALJ was not required to discuss every piece of evidence in CNP Mugavin's treatment records, he should have addressed "the uncontroverted evidence he chose not to rely

upon as well as the significantly probative evidence that he rejected" in her treatment records.
*Id.* at 12.

I was not persuaded by the Commissioner's litigation position that the ALJ's summary of CNP Mugavin's treatment records in an earlier portion of his written decision was "sufficient to demonstrate that the ALJ considered these findings when evaluating the weight due to [CNP] Mugavin's opinion." Doc. 31 at 7.  I concluded that the ALJ's earlier recitation of CNP Mugavin's records did "not cure his subsequent failure to address the evidence in those records that would support a finding of disability when he weighed CNP Mugavin's opinion." Doc. 26 at 13; *see id.* (stating that "the Court will not draw connections between the ALJ's summary of treatment findings and his weighing of an opinion when the ALJ himself did not make these connections").

The Commissioner now contends that his litigation position above was justified.  He cites to *Endriss v. Astrue*, 506 F. App'x 772 (10th Cir. 2012) (unpublished), and two other unpublished decisions in support of his argument that an ALJ is not required to recite evidence previously discussed in his decision when later rejecting a treating source's opinion.  *See* Doc. 31 at 5–6.  In *Endriss*, the court held that the ALJ was not required to reiterate the objective medical evidence on which he relied to reject one treating source's opinion when he had already summarized that evidence in rejecting another treating source's "virtually identical" opinion. *See* 506 F. App'x at 776–77.  Unlike *Endriss*, this case does not involve two identical opinions to which the ALJ can apply one reasoning to discredit both.  Instead, the ALJ in this case did not provide a clear link between a previous recitation of medical evidence and the reasons that evidence served to discount CNP Mugavin's opinion such that those reasons were clear to the

reviewing Court.  I therefore do not find the Commissioner's litigation position in this regard to

be substantially justified.

Next, the Commissioner argues that his litigation position regarding the ALJ's

discounting of CNP Mugavin's opinion because of its alleged inconsistency with Mr. McAfee's

activities of daily living was substantially justified.  Doc. 31 at 7–8.  Specifically, the

Commissioner states the Court's "wording [in the opinion] suggests that it recognized that the

ALJ's reasons [regarding Mr. McAfee's activity level] were at least somewhat supported by the

record." *Id*. at 7.  The Commissioner's characterization of the Court's analysis is incorrect.  As

explained in the opinion, although the reasons the ALJ advanced to reject CNP Mugavin's

opinion based on Mr. McAfee's activities of daily living might have had superficial appeal, they

were not supported by the record.  Doc. 26 at 13–14.  The Commissioner's arguments thus were

not justified "to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.

In sum, I find that the Commissioner's litigation position regarding the ALJ's evaluation

of CNP Mugavin's opinion was not substantially justified.  IT IS THEREFORE ORDERED

THAT:

1.  Mr. McAfee's Opposed Motion for Attorney Fees Pursuant to the Equal Access to

    Justice Act (Doc. 28) is GRANTED;

2.  Mr. McAfee is awarded $4,161.50 in attorney fees pursuant to the EAJA; and,

3.  If Mr. McAfee's counsel receives attorney fees under both the EAJA and 42 U.S.C.

    § 406(b) of the Social Security Act, Mr. McAfee's counsel shall refund the smaller

    award to him pursuant to *Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

Laura Fashing
United States Magistrate Judge
Presiding by Consent